these acts of misconduct constitute aggravating circumstances justifying imposition of a severe sanction. *See* ABA *Standards for Imposing Lawyer Sanctions* § 9.22(c) and (d) (1986) (ABA *Standards* ).

Respondent is at present suspended from the practice of law for conduct of a similar nature which occurred in 1985 and 1986. *See People v. Johnston,* 759 P.2d 10 (Colo. 1988). In addition, respondent received a letter of admonition in 1982. The fact that prior discipline has been administered to respondent constitutes a further aggravating factor. ABA *Standards* § 9.22(a). In view of all of the circumstances, we fully agree with the hearing panel's recommendation that disbarment is the appropriate sanction.

### III

It is hereby ordered that respondent, Richard W. Johnston, Jr., be disbarred from the practice of law, effective immediately, and that his name be stricken from the roll of attorneys licensed to practice in this state. Respondent shall comply with the requirements of C.R.C.P. 241.21 specifying certain action to be taken after entry of an order of disbarment. It is further ordered that respondent shall pay the sum of $1,086.94 plus interest from September 8, 1987, at the rate of nine percent per annum, as restitution to the parties in the dissolution proceeding, and shall also pay the costs of these grievance proceedings, in the amount of $304.97. The respondent shall pay all such sums to the Supreme Court Grievance Committee, 600—17th Street, Suite 500S, Denver, Colorado 80202, within sixty days of the date of this opinion.

The **PEOPLE** of the State of Colorado, Petitioner,

v.

Narcisco G. **CASTENADA**, Respondent.

No. 88SC532.

Supreme Court of Colorado, En Banc.

Dec. 4, 1989.

### ORDER OF COURT

Upon consideration of the Record on Appeal, together with the Written and Oral Arguments of Counsel, and now being sufficiently advised in the premises,

IT IS THIS DAY ORDERED that the Writ of Certiorari heretofore granted be, and is, DENIED as having been improvidently granted.

John **GAMBLE**, Petitioner,

v.

**LEVITZ FURNITURE COMPANY OF THE MIDWEST INC.**, Respondent.

No. 88SC203.

Supreme Court of Colorado, En Banc.

Dec. 5, 1989.

### ORDER OF COURT

Upon consideration of the Record on Appeal, together with the Written and Oral Arguments of Counsel, and now being sufficiently advised in the premises,

IT IS THIS DAY ORDERED that the Writ of Certiorari heretofore granted be,

and is, DENIED as having been improvidently granted.

UNITED FIRE & CASUALTY
COMPANY, Petitioner,

v.

G.W. COLEMAN and Karen
Coleman, Respondents.

No. 88SC515.

Supreme Court of Colorado,
En Banc.

Dec. 5, 1989.

ORDER OF COURT

Upon consideration of the Record on Appeal, together with the Written and Oral Arguments of Counsel, and now being sufficiently advised in the premises,

IT IS THIS DAY ORDERED that the Writ of Certiorari heretofore granted be, and is, DENIED as having been improvidently granted.

The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Larry DOSS, Defendant–Appellant.

No. 86CA1022.

Colorado Court of Appeals,
Div. II.

Jan. 26, 1989.
Rehearing Denied March 9, 1989.
Certiorari Denied June 26, 1989.

